In the United States District Court
Southern District of Indiana
Indianapolis Divison

Nathan Strickling, pro-se
Plaintiff,
V.

Dr. Alfred Talons, Dr. Watson,
Dr. Mitchiff, sued in their individual
& offical capacities, and Correctional
Medical Service, sued in their offical
Capacity. Defendants

Complaint

Jury Trial RECEIVED

APR 17 2008

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

2:08-cv-0163-LJM-TAB

## Preliminary Statement

This is a civil Rights action filed by Nathan Strickling, a State prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging Denial of proper medical care and Deliberate indifference in violation of the Eighth amendment to the United States Constitution.

## Jurisdiction

1.) The Court has Jurisdiction over plaintiffs' claims of violation of federal Constitutional Rights under 42 U.S.C. §§ 1331(a) and 1343.

## Parties

2.) The plaintiff Nathan Strickling, was incarcerated at the Wabash Valley Correctional Facility during the events described in this complaint.

3.) Dr. Alfred Talons and Dr. Watson are medical doctors employed Correctional Medical Service at Wabash Valley Correctional Facility. They are sued in their individual & offical capacities.

4.) Dr. Mitchiff is the medical Administrator at Wabash Valley employed by Correctional Medical Service, and is generally Responsible for ensuring the provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when prisoners' needs specalizied treatment or evaluation. He is sued in his individual and offical capacities.

5.) Correctional medical service is a private contractor employed by the Indiana Department of Corrections to provide medical care to all state prisoners. They are sued in their offical capacities.

6.) All defendants have acted, and continue to act, under color of law in violation of the United States Constitution at all times relevont to this complaint.

Facts

7.) Defendant Talons took plaintiff off of all of his pain medication for his eyes shortly after plaintiff was transfered to Wabash Valley Correctional facility from the State prison.

8.) Plaintiff was prescribed hydrocodone 500mg for pain by his private health care provide and by the Correctional Medical Services' Doctor at the Indiana State Prison.

9.) Defendant Talons put plaintiff on mobic (a drug for Rhematoid arthritis) that did nothing for the sever pain in plaintiffs eye.

10.) Shortly after takeing mobic wich was prescribed by Defendant Talons, plaintiff started experincing extreme stomach pains and the vomitting of blood.

11.) Defendant Talons then took plaintiff off a mobic because it caused a bleeding ulcer in the plaintiff. At that time Defendant Talons prescribed Zantac for the treatment of the ulcer wich plaintiff remains on until this day.

12.) Plaintiff has never had a ulcer until he was placed on mobic by Defendant Talons. Now plaintiff suffers daily from extreme stomach pains caused as a result of the ulcer.

13.) Defendant Watson saw plaintiff for his eye approx. on month after he was taken off of mobic for pain in his eye. At that time Defendant Watson prescribed plaintiff mobic, even after plaintiff informed Defendant Watson that Dr. Talons had placed him on mobic but it was discontinued due to it causing a bleeding ulcer.

14.) Defendant Watson failed to investagate plaintiffs' claim, review plaintiffs medical chart (wich documents his problem with mobic), or to consalt with Dr. Talons before prescribing mobic.

15.) Shortly after plaintiff was placed back on mobic by Defendant Watson, the medication had to be discontinued due to plaintiff suffering from extreme stomach pains and vomitting blood.

16.) Defendant Watson endangered plaintiffs safety, health, & life by placing him on mobic, after she Defendant Watson was informed by plaintiff of the complications he had already exprinced from the drug.

17.) Plaintiff was refered on at least (3) occassion to be

examined by an opthamologist at wishard memorial hospitial for his eye. Each Referal was denied by Defendant Mitchiff.

18.) Defendant Talons Refuse to prescribe an eye patch or let plaintiff wear sunglass because plaintiff is photo sensitve in his eye. Therefore plaintiff cannot even go outside for his Recreation.

### Relief Requested

Wherefore, plaintiff request the court grant the following Relief.

A. Issue an injuction ordering defendants Correctional Medical service, Mitchiff, and Talons :

1.) Immediately arrange for plaintiff to examined by a opthamologist at wishard memorial hospital as Refered. And to follow all orders as prescribed by such opthamologist.

2.) Immediately place plaintiff back on his prescribed pain medication for his eye.

3.) Immediately order plaintiff be able to wear sunglasses or an eye patch outside.

B. Award compensatory damages to plaintiff in the following ammounts.

1.) 200,000 Jointly and severally against Defendants Watsons and Talons.

2.) 200,000 against Correctional medical service.

3.) 100,000 against Defendant Mitchiff

C. Award punitive damages in the following ammounts:

1.) 500,00 against Defendant Talons

2.) 750,000 against Defendant Watson.
3.) 900,000 against Defendant Correctional Medical Service.
4.) 350,000 against Defendant Mitchiff.
D. Grant such other Relief as it may appear plaintiff is entitled.

I swear under oath that the foregoing is true and correct.

x _Nathan L. Strickling_    4-15-08

Plaintiff
Nathan Strickling #970077
P.O. Box 1111
Carlisle, IN.
    47838

Defendants

| Dr. Alfred Talons and Dr. Watson 6908 South old U.S. Hwy 41 Carlisle, IN. 47838 | Dr. Mitchiff I.D.O.C. Indiana Government Center-South 302 West Washington St. Indianapolis, IN. 46204-2738 |
|---|---|
| Correctional Medical Service address unknown at this time. | |